# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TYRONE MCCRAY,

    Plaintiff,

v.                                                                 Civil Action No.: RDB-18-0994

EQUIFAX CONSUMER SERVICES,
LLC, and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

On April 6, 2018, Plaintiff Tyrone McCray, proceeding *pro se*, filed this action against Defendants Equifax Consumer Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), seeking $5,000 for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").[1] (ECF No. 2.) Currently pending before this Court is Defendant Equifax's Motion to Dismiss. (ECF No. 9.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant Equifax's Motion to Dismiss (ECF No. 9) is GRANTED, and Plaintiff's claims are DISMISSED against Equifax.

As to Defendant Experian, the Plaintiff never effectuated service of process on Experian despite filing his Complaint over five months ago. Further, the same grounds for

---

[1] The original complaint also named as a Defendant Trans Union, LLC. On June 19, 2018 Plaintiff McCray and Trans Union settled all matters between them, and stipulated that the claims against Trans Union should be dismissed with prejudice. (ECF No. 14.) On June 26, 2018, the Plaintiff McCray's claims against Trans Union were dismissed with prejudice. (ECF No. 15.)

dismissal that apply to Plaintiff's claims against Equifax also apply to Plaintiff's claims against Experian, which is also a consumer credit reporting agency. Therefore, for the reasons explained below, Plaintiff's claims are also DISMISSED against Experian.

BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construe[ed]" the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141 (4th Cir. Oct. 5, 2017).

On March 1, 2018, Plaintiff Tyrone McCray filed a Complaint against Equifax, Experian, and Trans Union seeking $5,000 for violations of the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practice Act ("FDCPA"), in the District Court for Baltimore City, Maryland. (ECF No. 2.) The full Complaint reads:

> Violations of the Fair Credit Reporting Act-including [b]ut not limited to Section 611. Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8)[.] Violations of the Fair Credit Reports Act (including but not limited to Section 623-a-3)[.] Plus missing information of inquiry [r]emoval returned mail. [sic]

(ECF No. 2.) On April 6, 2018, Defendant Equifax removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 (ECF Nos. 1, 5.)

On April 13, 2018, Defendant Equifax filed the now-pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Id.* Plaintiff

McCray filed a Response to the Motion to Dismiss on May 1, 2018, and Equifax filed a Reply in Support of its Motion to Dismiss on May 15, 2018. (ECF No. 11.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se*

litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

ANALYSIS

The entirety of Plaintiff McCray's Complaint is as follows:

> Violations of the Fair Credit Reporting Act-including [b]ut not limited to Section 611. Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8)[.] Violations of the Fair Credit Reports Act (including but not limited to Section 623-a-3)[.] Plus missing information of inquiry [r]emoval returned mail. [sic]

(ECF No. 2.)

The Complaint consists of four sentences, mentions two statutes, and contains no factual matter. Therefore, Plaintiff McCray has not made a showing that he is entitled to the relief sought. Even construing the Complaint in the light most favorable to Plaintiff McCray, and the pleadings liberally under *Erickson v. Pardus*, 551 U.S. 89 (2007), the complete absence of any facts makes it impossible to know what the Defendants did (or did not do) in relation to Plaintiff McCray that was unlawful and forms the basis of liability under the FDCPA or FCRA. For these reasons, dismissal of the Complaint is warranted.

In McCray's Response, he introduced new facts not alleged in the Complaint. However, additional facts in a plaintiff's response to a motion to dismiss "must be disregarded" because "a plaintiff cannot, through the use of motion briefs, amend the complaint." *Jeffries v. Wal-Mart Stores East, LP,* No. GJH-15-473, 2016 WL 430479, at *2, 4 (D. Md. Feb. 3, 2016) (citations omitted).

Even if this Court were to consider the facts alleged in the Plaintiff's Response, Plaintiff McCray still does not allege plausible claims for relief. *Iqbal*, 556 U.S. at 679. In the

Response, McCray intimates that there is inaccurate information on his credit report in relation to bankruptcy proceedings in late 2012 and that Defendant Equifax obtained the bankruptcy information from an unnamed third party. (ECF No. 11.) McCray also attached a letter from the United States Bankruptcy Court for the District of Maryland, in which the court wrote to McCray that, "[they do not] report bankruptcies to the credit bureaus and does not get involved in disputes regarding credit reports." (ECF No. 11 at 4.) From this, McCray appears to conclude that Equifax acquired the information about the bankruptcy proceedings from a source other than the Bankruptcy Court, and it was thus "false information . . . [from an unnamed 3rd party]." (ECF No. 11 at 2.) As explained below, even considering these facts, the Plaintiff has failed to state a claim against Experian or Equifax under either the FDCPA or FCRA.

## I. The Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), was intended by Congress to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must allege that defendant is a debt collector within the meaning of the FDCPA, and that defendant has engaged in an attempt to collect a debt from plaintiff. Under the Act, debt collector is defined as follows:

> [T]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due *another* ...
>
> [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692(a)(6).

5

McCray has not presented any facts which show that Equifax or Experian are debt collectors as defined by the statute, or that they attempted to collect a debt from McCray. Moreover, the Defendants are not in fact debt collectors, but credit reporting agencies. *See, e.g.*, *Lewis v. Maryland*, No. PWG-17-1636, 2018 WL 1425977, at *4 (D. Md. Mar. 22, 2018) ("The claim against Experian, a credit reporting agency like Equifax and Trans Union, must be dismissed with prejudice as well, because Experian also is not a debt collector.") (citations omitted). Therefore, Plaintiff's claims against Experian and Equifax under the FDCPA are DISMISSED WITH PREJUDICE.

## II. The Fair Credit Reporting Act

Plaintiff also purports to bring claims against the Defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). McCray alleges violations of both 15 U.S.C. § 1681i, which mandates procedures for credit reporting agencies ("CRA") in the case of disputed accuracy in a consumer report, and 15 U.S.C. § 1681s-2, which outlines the responsibilities of furnishers of information to CRAs. Because Section 1681s-2 applies to furnishers of credit information, such as banks or telephone companies which provide information to CRAs, Plaintiff cannot bring a claim under Section 1681s-2 against Equifax or Experian.

As to Plaintiff's Section 1681i claim, this Section requires CRAs to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate. 15 U.S.C. § 1681i(a). A claim brought under Section 1681i must allege that the reported information was in fact inaccurate. *See Johnson v. Experian Info. Sols., Inc.,* No. PWG-15-558, 2015 WL 7769502, at *8 (D. Md. Nov. 17, 2015), *aff'd,* 670 F. App'x 778 (4th Cir. 2016) ("To

establish . . . a Reinvestigation Claim, a plaintiff must demonstrate that the consumer report prepared by the credit reporting agency contains inaccurate information." (citing *Hinton v. Trans Union LLC*, 654 F.Supp.2d 440, 450–51 (E.D.Va. 2009), *aff'd,* 382 F. App'x 256 (4th Cir. 2010))); *see also Brooks v. Midland Credit Management, Inc.,* No. WDQ–12–1926, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013) ("Inaccurate information is an element of a claim under §§ 1681e(a) and 1681(i)(a).").

McCray has ". . . failed to adduce facts that might allow a plausible inference that his credit reports contained any particular inaccurate information . . . ." *Hinton*, 654 F.Supp.2d at 451. McCray alleges that the Public Records section of his credit report is inaccurate, but does not indicate why or how it is inaccurate. (ECF No. 11.) Further, the Public Records Section notes that a bankruptcy action was initiated against McCray in 2012, which is corroborated by the letter from the U.S. Bankruptcy Court attached to the Response brief. (ECF No. 11 at 4.) Therefore, Plaintiff has failed to state a claim against Experian or Equifax under the FCRA and these claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendant Equifax's Motion to Dismiss (ECF No. 9) is GRANTED. Accordingly, Plaintiff's FDCPA claims against Equifax and Experian are DISMISSED WITH PREJUDICE and Plaintiff's FCRA claims against Equifax and Experian are DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated: September 27, 2018            __/s/_____
                                                                      Richard D. Bennett
                                                                      United States District Judge